# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 01-10130
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSVALDO SANCHEZ GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:00-CR-83-11-H)

_____

October 15, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Osvaldo Sanchez Garcia appeals his convictions for conspiracy to possess, and possession, with intent to distribute narcotics, *see* 18 U.S.C. § 2, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, asserting that the evidence was insufficient.

Because Garcia did not renew his motion for judgment of acquittal at the close of all the evidence, we need only determine whether there was a "manifest miscarriage of justice", which "would exist only if the record is devoid of evidence pointing to guilt". *United States v. Hinojosa*, 958 F.2d 624, 628 (5th Cir. 1992)

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(*quoting* ***United States v. Robles-Pantoja***, 887 F.2d 1250, 1254 (5th Cir. 1989)).

The trial testimony indicated that Garcia's coconspirators left him alone in a hotel room with a large quantity of cocaine. *See* ***United States v. Garcia-Flores***, 246 F.3d 451, 455 (5th Cir. 2001); ***United States v. Arzola-Amaya***, 867 F.2d 1504, 1512-13 (5th Cir. 1989), *cert. denied,* 493 U.S. 933 (1989).  He was present in the hotel room and witnessed his coconspirators test the cocaine supply and turn it into crack.  Garcia was present during negotiations for a drug deal.  Moreover, a jury reasonably could have concluded from the testimony of Leopoldo Camacho Perez that Garcia participated in the negotiation process.  *See* ***United States v. Dean***, 59 F.3d 1479, 1488-89 (5th Cir. 1995), *cert. denied,* 516 U.S. 1064 (1996), *and cert. denied,* 516 U.S. 1082 (1996).  Finally, an Agent from the Drug Enforcement Agency testified that secretly recorded telephone conversations indicated that Garcia was the source of the cocaine supply.

In short, the record is not devoid of evidence pointing to guilt; far from it.  In fact, the evidence was adequate to support Garcia's conviction.  *See* ***United States v. Gonzales***, 121 F.3d 928, 935-36 (5th Cir. 1997), *cert. denied,* 522 U.S. 1063 (1998), *and cert. denied,* 522 U.S. 1131 (1998); ***United States v. Pena-Rodriguez***, 110 F.3d 1120, 1123-24 (5th Cir. 1997), *cert. denied,* 522 U.S. 819 (1997).

***AFFIRMED***